UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MELAINE WILSON AND ALL ENROLLED OST MEMBERS, Plaintiffs<br><br>vs.<br><br>DEPARTMENT OF INTERIOR, ECHAGA CORPORATION, BUREAU OF INDIAN AFFAIRS, OGLALA SIOUX TRIBE COUNCIL AND COMMITTEES AND FINANCE ACCOUNTABILITY OFFICE,<br>Defendants | 5:22-cv-5097<br><br>MEMORANDUM OPINION AND ORDER |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis (Doc. 3) in connection with her Complaint against the Department of Interior, Bureau of Indian Affairs, Echaga Corporation, and Oglala Sioux Tribal Council along with tribal committees and a tribal office. (Doc. 1). The Complaint seeks release of financial documents, and alleges financial wrongdoing, conflicts of interest and abuse of power. Plaintiff further alleges she is entitled to 20 acres of land on Tract 2159 of the Pine Ridge Indian Reservation, that veterans are entitled to 20 acres of land on the same tract, and that veterans should receive the Cactus

1

Flats land. (Id., PgID 3). Plaintiff signed the Complaint individually and indicated "and/for all enrolled OST Members." (Id.). Plaintiff has moved for the appointment of counsel (Doc. 2).

## I. Motion for Leave to Proceed In forma Pauperis

28 U.S.C. §1915(a)(1) directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. A person may be permitted to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets" the person possesses, and also states "that the person is unable to pay such fees or give security therefore." *Id.* The Eighth Circuit has established parameters for addressing in forma pauperis motions and has instructed that a petitioner's financial status should be evaluated first, and screening under 28 U.S.C. § 1915 should follow. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). The court has recognized that the applicant need not establish "absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). See also *Babino v. Janssen & Son*, 2017 WL 6813137, at *1 (D.S.D. 2017). The District Court's task is to determine whether the plaintiff's allegation of poverty is true, and that determination is within the court's discretion. *Lee*, 231 F.3d at 459.

Plaintiff has submitted sufficient documentation to establish that she should be permitted to proceed in forma pauperis. In her declaration, Ms. Wilson indicates

2

she currently has income in the form of military retirement and disability payments, minimal assets, and significant housing expenses. (Doc. 2). The Court finds Ms. Wilson is indigent within the meaning of §1915(a)(1). The Court notes this is consistent with its determination of in forma pauperis status for Plaintiff in 5:22-cv-5091. This determination means her claims will be screened under 28 U.S.C. § 1915(e).

## II. Screening pursuant to 28 U.S.C. § 1915

### A. Factual Background

Plaintiff's Complaint alleges many instances of wrongdoing, financial mismanagement of 638 Funds (Public Law 93-638), conflict of interest, and nepotism by officials of the Oglala Sioux Tribe and others. Although the precise nature of all of the claims is not clear, Plaintiff has alleged fraud, waste and abuse, and an unspecified civil rights claim. (Doc. 1, PgID 5). Her lengthier Complaint invokes the "Whistleblower Protection Act" and alleges misuse of tribal funds by the Oglala Sioux Tribal Council and Echaga Corporation. (Doc. 1-1, PgID 10). She alleges financial information is "the intellectual property of the Oglala Sioux Tribe Members" and asks that financial documents be shared with tribal members. (Doc. 1, PgID 3). On November 15, 2022, Plaintiff filed a complaint with the Department of Interior-Inspector General and with the Bureau of Indian Affairs listing many of the allegations in her Complaint. (Doc. 1-1, PgID 40).

Subsequently she named both as Defendants in this action. Plaintiff also indicates she has filed lawsuits challenging election procedures, 5:22-cv-5095, and Indian Trust Patents, 5:22-cv-5094. (Id., PgID 38).

Apart from the allegations outlined above, Plaintiff asserts that she claims 20 acres of land in Tract 2159 on the Pine Ridge Indian Reservation. (Doc. 1, PgID 3). She states the Oglala Sioux Tribal Council agreed she should have this land, and adds that the decision did not appear in the tribal ordinance reflecting actions taken by the Council. Plaintiff also claims that Veterans on Pine Ridge are entitled to 20 acres of land in Tract 2159. (Id.). She requests "help" for veterans in obtaining Cactus Flats lands, although it is unclear whether the veterans have a legal claim to the land. Plaintiff is a veteran, (Doc. 1-2, PgID 48), and has an individual interest in claiming the land due to her status as a veteran.

## B. Legal Standard

A proceeding in forma pauperis is governed by 28 U.S.C. §1915(e) which provides:

> (2) Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that-- . . .
>    (B) the action or appeal—
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

This provision allows the court sua sponte to review a complaint filed with an in forma pauperis application to determine if the action warrants dismissal. In screening plaintiff's pro se complaint, the court must liberally construe it and assume as true all facts well pleaded in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 675. If it does not contain these bare essentials, dismissal is appropriate. The court is not required to construct legal theories for the plaintiff to enable the case to proceed. *Marglon v City of Sioux Falls Police Dept.*, 2020 WL

906521, *2 (D.S.D. 2020) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## C. Legal Analysis

### 1. Plaintiff's standing to pursue claims to land individually and as a veteran

Recently, the Supreme Court reiterated rules that are pertinent in assessing whether a party has standing in an action. In *Uzuegbunam v. Preczewski*, the Court commented that, "At all stages of litigation, a plaintiff must maintain a personal interest in the dispute.... To demonstrate standing, the plaintiff must not only establish an injury that is fairly traceable to the challenged conduct but must also seek a remedy that redresses that injury." ___ U.S. ___, 141 S.Ct. 792, 796, 209 L. Ed. 2d 94 (2021). See also *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022).

The Supreme Court has set forth the requirements for Article III standing in numerous additional cases. The "irreducible constitutional minimum of standing" is that a plaintiff must have suffered an "injury in fact," meaning invasion of a legally protected interest; "there is a causal connection between the injury and the conduct complained of"; and the injury can be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (cleaned up). See also *Department of Commerce v. New York*, ___ U.S. ___, 139 S. Ct. 2551, 2565, 204 L.Ed.2d 978 (2019) (in a dispute over a

citizenship question on the 2020 census, states had standing, given the potential impact on their representation in Congress).

Standing requirements seek to ensure that a litigant has a "sufficient stake in an otherwise justiciable controversy" to obtain judicial resolution of the controversy. *Sierra Club v. Morton*, 405 U.S. 727, 731-32 (1972). Beyond the constitutional limitation on standing, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 474 (1982) (quoting *Warth v. Seldin,* 422 U.S. 490, 499 (1975)). The purpose of this prudential limitation on standing is to avoid the adjudication of the rights of third parties not before the court with the goal of ensuring "that the most effective advocate of the rights at issue is present to champion them." *Duke Power v. Carolina Environmental Study Group,* 438 U.S. 59, 80 (1977).

The Eighth Circuit has established that a plaintiff must allege "a personal stake in the outcome of the case" that warrants "invocation of federal court jurisdiction" and justifies the court's exercise of remedial powers to vindicate the claim. *Glickert v. Loop Trolley Transp. Development Dist.*, 792 F.3d 876, 881 (8th Cir. 2015) (quoting *Warth*, 422 U.S. at 498). The court recently summarized the standing requirements in *Huizenga v. Independent School District No. 11*, as

follows: the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." 44 F.4th 806, 809 (8th Cir. 2022) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). See also *Ashley v. U.S. Dept. of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005) (analyzing tribal members' standing to sue Department of Interior and private parties for alleged misuse of tribal trust funds).

Whether a plaintiff has standing is a threshold inquiry, requiring only general allegations of injury, causation, and redressability. *In re SuperValu, Inc.*, 870 F.3d 763, 773 (8th Cir. 2017) (quoting *Lujan*, 504 U.S. at 561). As the *SuperValu* court noted, whether a plaintiff's allegations are sufficient to state a claim under F.R.C.P. 12(b)(6) is a "different and distinct matter" from Article III standing. *Id.* (quoting *Miller v. Redwood Toxicology Lab, Inc.* 688 F.3d 928, 936 (8th Cir. 2012). See also *Arc of Iowa v. Reynolds*, 24 F.4th 1162, 1168-69 (8th Cir. 2022) (reviewing standing requirements).

In this case, Plaintiff has alleged that she is entitled to a parcel of land in a specific location, that is, 20 acres in tract 2159 of the Pine Ridge Indian Reservation, as authorized by the Tribal Council. (Doc. 1, PgID 3). She asserts the Tribal Council is responsible to transfer the land. Her individual claim to this land provides her with a sufficient stake in the outcome of the case that justifies the

Court's exercise of its powers to vindicate the claim. Plaintiff has alleged further that veterans on Pine Ridge are entitled to 20 acres of land in the same tract. (Id.). Plaintiff has submitted documentation establishing that she is a veteran, and this is sufficient to establish her standing to pursue the claim. (Doc. 1-2, PgID 48). Her allegations of entitlement to the land and the Tribal Council's ability to redress her claim meet the standard set forth by the Eighth Circuit in adequately alleging injury, causation, and redressability. See *Cross*, 23 F. 4th at 800.

It is unclear whether Defendants Department of Interior and Bureau of Indian Affairs, in addition to the Tribal Council, would be responsible to redress Plaintiff's claim to the land. As noted, Plaintiff has filed a complaint with both agencies which apparently remains unresolved. At this juncture, Plaintiff's claim against the agencies in this lawsuit is not ripe for resolution and is therefore dismissed. *Metzger v. Village of Cedar Creek, Neb*, 370 F.3d 822, 823 (8th Cir. 2004) (court lacks subject matter jurisdiction over claim that is not ripe, meaning a final decision on the claim has not been made).

Plaintiff has not supplied sufficient justification for the appointment of counsel and her motion for appointment of counsel is denied. (Doc. 2).

   *2. Plaintiff's standing to pursue additional claims against the Department of Interior, Bureau of Indian Affairs, Echaga Corporation, and Oglala Sioux Tribal Council and its committees and Finance Accountability Office*

9

Numerous cases have addressed the question of a tribal member's standing to assert the rights of himself or herself individually, of tribal members as a group, or of the tribe itself. See, e.g., *Ashley,* 408 F.3d at 999, 1003 (holding tribal members lack standing where claim is not redressable because government does not control tribe's spending); *Delorme v. United States.,* 354 F.3d 810, 816 (8th Cir. 2004) (plaintiff failed to establish standing as individual, as representative of the tribe, or as the tribe seeking standing on behalf of its members); *Rosebud Sioux Tribe v. United States,* 450 F.Supp.3d 986, 1003 (D.S.D. 2020) (tribe has standing to pursue health care for its members from Indian Health Services).

In this case, despite her signing the Complaint on behalf of all Oglala Sioux Tribe members, there is no indication Plaintiff is a representative of the tribe or its members, or that she has an official capacity with the tribe. The allegations in her complaint indicate she is proceeding as an individual, and the Court analyzes her standing to pursue her claims as such. *Delorme,* 354 F.3d at 816.

Many considerations inform the court's assessment of standing in these circumstances. At the threshold, the Court is well-aware of the restrictions on federal court intervention in the internal affairs of tribes. *Sac & Fox Tribe of the Mississippi in Iowa, Election Board v. Bureau of Indian Affairs,* 439 F. 3d 832, 835 (8th Cir. 2006) (noting that jurisdiction to resolve "internal tribal disputes" is in the tribe and not in federal district court); *Wright v. Langdeau,* 158 F.Supp.3d 825, 836

(D.S.D. 2016); *Montgomery v. Flandreau Santee Sioux Tribe*, 2006 WL 482479, *5 (D.S.D. 2006). Tribal law and policy are matters to be determined by the tribe in the first instance. *Sac & Fox Tribe*, 439 F.3d at 835. Therefore, when an individual tribal member seeks federal court intervention in what appears to be a matter of internal tribal policy, the court proceeds with caution. That approach is reinforced by the constitutional requirement that the plaintiff have standing. If a plaintiff lacks standing, the district court does not have subject matter jurisdiction. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79 (2013). See also *Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002) (reversed on other grounds); *Yankton Sioux Tribe v. U.S. Army Corps of Engineers,* 2005 WL 2429799, *2 (D.S.D. 2005).

This Court acknowledged the limitation on the standing of tribal members as individuals in *Different Horse v. Salazar*, holding the individual plaintiffs lacked standing to require the distribution of funds as a result of litigation concerning the Black Hills. 2011 WL 3422842, *4 (D.S.D. 2011) (addressing *United States v. Sioux Nation of Indians,* 448 U.S. 371 (1980)). Because the plaintiffs in *Different Horse* had no individual interest in or claim to the funds at issue in *Sioux Nation*, there was "no injury in fact to satisfy the case or controversy requirement that is a prerequisite to federal court jurisdiction under Article III of the Constitution." *Id.* at *4 (citing *Hodel v. Irving*, 481 U.S. 704, 711 (1987)). In addition, prudential

11

standing considerations require that the plaintiff assert his or her "own legal rights and interests." *Id.* (quoting *Hodel,* 481 U.S. at 711). Lacking individual legal rights or legal interests in the funds awarded in the *Sioux Nation* cases, plaintiffs in *Different Horse* were unable to share in the funds, and because neither constitutional nor prudential standing requirements were met, the Court determined it was "without jurisdiction" to proceed to resolve their claims to distribution of the funds. *Id.* Accord *Golden Hill Paugussett Tribe v. Weicker,* 39 F.3d 51, 54 n.1 (2d Cir. 1994) (finding individuals could not assert tribe's claim to land).

Furthermore, as noted above, to meet the constitutional test for standing, plaintiff must assert injury in fact, traceable to the challenged conduct and seeking a remedy that redresses the injury. *Uzuegbunam v. Preczewski,* 141 S.Ct. at 746. Asserting "generalized grievances about the conduct of government" are insufficient. *Valley Forge,* 454 U.S. at 483 (quoting *Flast v. Cohen,* 392 U.S. 83, 106 (1968)). Accord *Cross,* 23 F.4th at 800 (citing *Carney v. Adams,* 592 U.S. ___, 141 S.Ct. 493, 499, 208 L.Ed.2d 305 (2020)).

In this case, Plaintiff does not have an individual legal right or legal interest in the financial documents she seeks. (Doc. 1, PgID 3). The same is true for her allegations of fraud, waste and abuse. (Id.). As a result there is no "injury in fact" which satisfies the case or controversy requirement for Article III jurisdiction. *Hodel,* 481 U.S. at 711. Furthermore, Plaintiff's claims other than her claim to

land on the Pine Ridge Reservation appear to fall into the category of "generalized grievances" against federal and tribal offices. Thus, to the extent Plaintiff is alleging the Department of Interior or Bureau of Indian Affairs is engaged in wrongdoing in dealing with the Oglala Sioux Tribe, she does not have standing to pursue her claims and they are dismissed.

Plaintiff appears to have brought a claim of fraud or mismanagement against Echaga Corporation. Plaintiff "has not suffered an injury in fact that would likely be redressed by judicial relief." *Finneman v. Laidlaw*, 57 F.4th 605 (8th Cir. 2023) (citing *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021)). Proper parties to pursue such claims would be the Department of Interior, Bureau of Indian Affairs, or Oglala Sioux Tribe. See generally, *Ashley,* 408 F.3d at 1003 (dismissing tribal members' claim against private parties because they could not remedy the harm plaintiffs alleged). Plaintiff's claims against Echaga Corporation are dismissed.

If Plaintiff's claim is against the Oglala Sioux Tribe, its committees, and its Finance Accountability Office for general mismanagement or more serious misconduct, her "generalized grievances" are insufficient to confer standing. *Valley Forge*, 454 U.S. at 483; *Cross,* 23 F.4th at 800. As such, to the extent these are Plaintiff's claims, they are dismissed.

**Conclusion**

Plaintiff's allegations that she is entitled to a particular piece of land on tract 2159 survive screening pursuant to 28 U.S.C. § 1915. Her claim that she is a veteran and is entitled to land on that tract and on Cedar Flats survives the Court's screening as well. These claims are against the Oglala Sioux Tribal Council and may proceed.

Plaintiff's claims against the Department of Interior and Bureau of Indian Affairs are dismissed as unripe. Those claims also appear to be statements of generalized grievances, which Plaintiff lacks standing to pursue, and are dismissed on that basis. Plaintiff lacks standing to sue Echaga Corporation and her claims against it are dismissed. Plaintiff's claims against the Oglala Sioux Tribal Council, its committees, and the Finance Accountability Office consisting of generalized grievances are dismissed.

Accordingly, IT IS ORDERED

1. That Plaintiff's motion for in forma pauperis status (Doc. 3) is granted;

2. That Plaintiff's motion for appointment of counsel (Doc. 2) is denied;

3. That Plaintiff's claims alleging fraud and mismanagement by the Department of Interior, Bureau of Indian Affairs, and Oglala Sioux Tribal Council and its committees and Finance Accountability Office are dismissed with prejudice;

4. Plaintiff's claims of entitlement to 20 acres of land in Tract 2159 and to Cedar Flats land, Pine Ridge Reservation, as an individual and as a veteran, may proceed;

5. The Clerk shall send blank summons forms to Plaintiff so she may cause the summons and complaint to be served upon Defendant Oglala Sioux Tribal Council; and

6. Plaintiff shall serve upon Defendant Oglala Sioux Tribal Council, or if appearance is entered, upon the Council's attorney, a copy of every further pleading or other document submitted for consideration by the Court. She shall include with the original paper to be filed with the Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Dated this 7th of March, 2023.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*Matthew Thelen*