UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MELAINE R. WILSON,<br>Plaintiff | 5:22-cv-5097 |
| vs. | MEMORANDUM<br>OPINION AND ORDER |
| OGLALA SIOUX TRIBE<br>COUNCIL,<br>Defendant | |

Pending before the Court are Plaintiff's pro se Motion to Amend/Correct Complaint, (Doc. 9), Second Motion for Leave to Proceed in Forma Pauperis, (Doc. 10), and Second Motion to Appoint counsel, (Doc. 11).

Plaintiff has moved for leave to amend and has attached her revised complaint with attachments in excess of 400 pages. (Doc. 9). As a general rule, leave to amend a complaint should be freely given to promote justice. Fed. R. Civ. P. 15(a)(2). See *GWG DLP Funding V, LLC v. PHL Variable Insurance Company*, 54 F.4th 1029, 1036 (8th Cir. 2022); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999). Furthermore, the Eighth Circuit has commented that "parties should generally be given at least one chance to amend the complaint." *Wisdom*, 167 F.3d at 498. Plaintiff's pro se status also is a factor in the Court's decision to allow amendment. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (discussing liberal construction of pro se complaint).

1

It is the Court's obligation to scrutinize the proffered amendments to ascertain their validity. The district court should grant leave to amend unless there is "a good reason for denial" including, among other factors, "the futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). See also *Huff v. City of Brookings Police Dept.*, 2022 WL 17583753, *1 (D.S.D. 2022).

Plaintiff has added the Oglala Sioux Tribe Cannabis Commission as a Defendant. (Doc. 9, PgID 175). This Court has previously dismissed Plaintiff's claims against the Cannabis Commission on the basis of sovereign immunity. (5:23-cv-5041). The Court can find no reason to reach a different result in this lawsuit. To the extent Plaintiff's Motion seeks to add the Cannabis Commission as a Defendant, it is denied.

Furthermore, the Court has reviewed the contents of Plaintiff's amended complaint. The first part of the proposed amended complaint, (Doc. 9, PgID 177), is a brief document in which Plaintiff requests land to which she claims to be entitled. That is the claim the Court approved when it screened her in forma pauperis complaint, (Doc. 7). In her amended complaint, she adds a request to be awarded two grants. (Doc. 9, PgID 177). This was not an aspect of her lawsuit that was approved to proceed, and it cannot be part of an amended complaint. The Tribe has sovereign immunity that would prevent the Court from interfering to

2

direct the remedy Plaintiff seeks.  See *Sac & Fox Tribe of the Mississippi in Iowa, Election Board v. Bureau of Indian Affairs,* 439 F.3d 832, 835 (8th Cir. 2006) (noting that jurisdiction to resolve "internal tribal disputes" is in the tribe and not in federal district court).  Her claim for damages is based in part on the two grants and is disapproved as an amendment.  (Doc. 9, PgID 178).  The Court has held previously that Plaintiff does not have standing to represent others as part of this lawsuit, so the remainder of her claimed damages for veterans and a named individual is likewise disapproved.  (Id.). See *Delorme v. United States*, 354 F.3d 810, 816 (8th Cir. 2004) (plaintiff failed to establish standing as individual, as representative of the tribe, or as the tribe seeking standing on behalf of its members).

Plaintiff has submitted a lengthy case narrative, (Doc. 9-1), which addresses many issues.  It appears the section relevant to her claimed land is at PgID 183.  Much of the rest of the document addresses claims that the Court has previously dismissed.  The Court will not revisit those issues.  The attachments to Plaintiff's complaint at Doc. 9 shed little light on the issue before the Court.  She includes 15 documents related to land and other issues, (Doc. 9-2, PgID 191).  She supplies drafts of the Oglala Sioux Tribe Cannabis Ordinance, (Doc. 9-3, PgID 233), and documents related to the ordinance, (Doc. 9-4, with table of contents at PgID 302).  She includes additional attachments which appear to relate to her grant proposals.

3

(Doc. 9-6, PgID 487; Doc. 9-7, PgID 534). All of these documents are extraneous to Plaintiff's Complaint and may not be included in her amended complaint. If they are relevant as the case moves forward, they will be addressed in discovery.

Plaintiff has included the Cannabis Ordinance and Resolution adopting it, (Doc. 9-5, PgID 401). She appears to argue these documents support her claim to certain land. They may be included as an attachment to Plaintiff's amended complaint.

Therefore, the Court grants Plaintiff's Motion to Amend/Correct Complaint with respect to her claim against the Oglala Sioux Tribe to the extent the amendments pertain to the land she asserts was granted to her by the Oglala Sioux Tribe Council. The Court's Order, (Doc. 7), addresses this claim and Plaintiff's lawsuit is limited to it. Plaintiff's Doc. 9-1 may not be included in the amended complaint in its entirety. Plaintiff must limit her statement of her claim to what the Court has previously approved. (Id.). The Motion to Amend/Correct Complaint is denied with respect to any claims against the Oglala Sioux Tribe Cannabis Commission. The Motion to Amend/Correct Complaint is denied to the extent Plaintiff wishes to include Docs. 9-2, 9-3, 9-4, 9-6, and 9-7.

The Court previously denied Plaintiff's motion for appointment of counsel. (Doc. 7). Plaintiff has not supplied sufficient justification for the appointment of counsel and the Second Motion to Appoint Counsel is denied. (Doc. 11).

Plaintiff's Second Motion to Proceed in Forma Pauperis, (Doc. 10), is

denied as moot. The Court granted Plaintiff's motion to proceed in forma

pauperis, (Doc. 7), and therefore, an additional motion is unnecessary and is denied

as moot.

Accordingly, IT IS ORDERED that

1. Plaintiff's Motion to Amend/Correct Complaint is granted to the extent it
   conforms to the Court's Order, (Doc. 7), involving a land claim against the
   Oglala Sioux Tribe Council, and the Amended Complaint may include Doc.
   9-5 as an attachment;

2. Plaintiff's Motion to Amend/Correct is denied to the extent the claim is
   against the Oglala Sioux Tribe Cannabis Commission, (Doc. 9);

3. Plaintiff's Motion to Amend/Correct Complaint is denied to the extent it
   includes Docs. 9-2, 9-3, 9-4, 9-6, and 9-7;

4. Plaintiff shall file an Amended Complaint which complies with this Order
   by October 25, 2023;

5. Plaintiff's Motion for Appointment of Counsel is denied, (Doc. 11);

6. Plaintiff's Motion to Proceed in Forma Pauperis is denied as moot, (Doc.
   10).

Dated this ___ day of October, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

5