UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

MELAINE WILSON,
    Plaintiff

5:22-cv-5097

vs.

ORDER DENYING
MOTION TO AMEND
AND DISMISSING
COMPLAINT

OGLALA SIOUX TRIBE
COUNCIL,
    Defendant

Following the Court's dismissal of all but one of her claims, pro se Plaintiff filed a motion to amend her complaint. (Doc. 9). The Court granted the motion in part, denied it in part, and provided guidelines for acceptable amendments. (Doc. 18). The deadline for filing the amended complaint was October 25, 2023. (Id.). Having had no response from Plaintiff, the Court entered an Order advising Plaintiff that her case would be dismissed unless she filed an amended complaint by October 24, 2024. (Doc. 28). Plaintiff has filed a letter with the Clerk of Court dated "7 October 2024" that reads in its entirety as follows:

> The Current Marijuana Growers have lobbied Oglala Sioux Tribe Council to have a "Marijuana Growers Association" to where they have blocked out the

1

rest of the Oglala Sioux Tribal Members by issuing Orders against any changes towards the OST 20-66 Ordinance, effectively keeping out all economic development of the rest of us Oglala Lakotas, making it a Mafia. (Doc. 29, PgID 674). Accompanying the letter was a box of documents previously filed. To the extent Plaintiff intends for this to suffice as an amended complaint, the Court disagrees and dismisses her complaint.

## BACKGROUND

As noted in prior orders, Plaintiff filed lawsuits against the Department of Interior and other entities, including the Oglala Sioux Tribal Council, alleging in part, financial wrongdoing and widespread corruption. (5:22-cv-5086, 5:22-cv-5027; 5:23-cv-5041; 5:22-cv-5095; 5:22-cv-5094). Those lawsuits have been dismissed. Plaintiff appealed some of the cases, but the Eighth Circuit has denied relief.

In the instant case, Plaintiff alleged, among other claims, that she was entitled to land on Tract 2159 of the Pine Ridge Indian Reservation. Plaintiff moved to amend her complaint after the Court's dismissal of several of her claims. In permitting the amendment, the Court referred to its previous Orders, Docs. 7 and 9, and set forth the limits of the permitted amendment, i.e., that the amended complaint address Plaintiff's claim to land against the Oglala Sioux Tribe Council and not to claims that the Court had dismissed. (Doc. 18). The Court directed

Plaintiff to omit extraneous material including Doc. 9-1, 9-2, 9-3, 9-4 and 9-6. The Court approved filing Ordinance 20-66 and accompanying resolution at Doc. 9-5.

Despite the Court's Order, Plaintiff's most recent filing includes Docs. 9, 9-1, 9-2, 9-3, 9-4, 9-5, 9-6, and 9-7. In addition, Plaintiff submitted the Court's Order of September 24, 2024, (Doc. 28), and her note quoted above.

**LEGAL STANDARD**

A court grant should grant leave to amend unless there is "a good reason for denial" including "the futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys. Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). The court must scrutinize the proffered amendments to ascertain their validity. If a court dismisses on the basis of futility of the amendment, the court necessarily has concluded the amended complaint could not withstand a motion to dismiss pursuant to Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). *Cornelia I. Crowell GST Trust v. Possis Medical, Inc.*, 519 F.3d 778, 782 (8th Cir. 2008); *Sioux Falls SD II FGF, LLC v. Courthouse Square, LLP*, 2022 WL 899554, *1 (D.S.D. March 28, 2022). In assessing whether a complaint can withstand dismissal under Rule 12(b)(6), the court will examine the complaint itself and "matters embraced by the pleadings." *Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

## ANALYSIS

The Court has reviewed the extensive documentation Plaintiff submitted with her original Complaint and in support of her effort to amend. This includes the complaint plus all documents submitted as attachments. (Doc. 9, 9-1 through 9-7). In her original complaint, Doc. 1, Plaintiff indicates she seeks the Court's "help" to "get her 20 Acres on Tract 2159 at First Choice as agreed to in OST Ordinance 20-66." (Doc. 1, PgID 3). In her subsequent filing, she demands substantial monetary damages, and also repeats her claim to the land. (Doc. 9, PgID 178). She indicates her land entitlement was "never implemented into the finalized Oglala Sioux Tribe Ordinance 20-66." (Id., PgID 177). She indicates she owns one acre of land on Tract 2159 which she will donate to her proposed project, ["donated 1 acre of 2159,"] and although it is not clear, expects to receive additional land through amendments to the OST Ordinance 20-66. (Doc. 9-1, PgID 183). It is also possible she claims entitlement to certain land based on a gift from her paternal aunt, who is now deceased. (Doc. 9-2, PgID 194-202).

As Plaintiff indicates, whatever amendments to Oglala Sioux Tribe Ordinance 20-66 might have been agreed to, none regarding Plaintiff's land claim were incorporated into the final version of the ordinance. (Doc. 9-5). Plaintiff attached drafts of the ordinance at Doc. 9-3. There is a record of the Minutes of the Oglala Sioux Tribal Council meeting of October 27, 2020, reflecting approval

of Ordinance 20-66 "with amendments" but there is no indication what the amendments were. (Doc. 9-4, PgID 306). Plaintiff includes her "proposed changes to Provisions on Oglala Sioux Tribe Cannabis Regulation" dated August 11, 2020, (Doc. 9-4, PgID 307-18), but there is no indication whether they were incorporated in whole or in part into the final approved ordinance. Plaintiff's recommendations for the cannabis ordinance are included, starting at Doc. 9-4, PgID 320, but it is not clear what recommendations were adopted. She indicated she will donate an acre of land, id., PgID 321, but this appears to be part of a business proposal she made to the Tribal Council. The final version of the ordinance at Doc. 9-5 is quite detailed but does not include any mention of land for Plaintiff or in connection with any of her business proposals.

In any event, Plaintiff has not submitted an amended complaint, but only the note described above and the documents previously submitted. She has not provided any documentation to support her claim of entitlement to a parcel of land on Tract 2159. As a result, the Court finds Plaintiff has not submitted an amended complaint sufficient to permit the Court to determine whether she is entitled to relief. Dismissal pursuant to Rule 12(b)(6) is proper. Therefore, the Court denies Plaintiff's motion to amend, Doc. 9.

Accordingly, IT IS ORDERED that

1. Plaintiff's motion to amend complaint, Doc. 9, is denied;

2. Plaintiff's complaint is dismissed without prejudice.

   Dated this 13th day of November, 2024.

BY THE COURT:

Lawrence L. Piersol<br>United States District Judge